# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1097 consolidated with 13-604 & 13-676


## JEROMIE CHAD SMITH

## VERSUS

## WESTERN WORLD INSURANCE COMPANY, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-81872, DIV. A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, J. David Painter, and Shannon J. Gremillion, Judges.


**AFFIRMED.**


**Robert Lawrence Beck, Jr.**
**Attorney at Law**
**P. O. Drawer 12850**
**Alexandria, LA 71315-2850**
**(318) 445-6581**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Jeromie Chad Smith**

**James Allen Lochridge, Jr.**
**Preis & Roy**
**P. O. Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Western World Insurance Company**
**Mid-South Resources Maintenance,Inc.**
**Felipe Ortiz**

**Thomas Taylor Townsend**
**Kelly, Townsend, & Thomas**
**137 Rue St. Denis**
**Natchitoches,, LA 71457**
**(318) 357-5880**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Jeromie Chad Smith**

**John C. Guillet**
**Corkern, Crews & Guillet**
**P. O. Box 1036**
**Natchitoches, LA 71458-1036**
**(318) 352-2302**
**COUNSEL FOR INTERVENORS/APPELLANTS:**
**Halliburton Energy Services, Inc.**
**ESIS, Inc.**

**Leslie Evalyn Hodge**
**Lindsay Flexer Louapre**
**Brown Sims, P.C.**
**650 Poydras, Ste 2200**
**New Orleans, LA 70130**
**(504) 569-1007**
**COUNSEL FOR INTERVENORS/ APPELLANTS:**
**Halliburton Energy Services, Inc.**
**ESIS, Inc.**

**GREMILLION, Judge.**

This appeal was consolidated with the accompanying applications for supervisory writs by order of this court dated July 16, 2013. Jeromie Chad Smith, the plaintiff, sought supervisory writs from the decree issued by the trial court regarding the interpretation of his mediation agreement with various defendants and with his employer and its insurer, Halliburton Energy Services, Inc. and ESIS, Inc. Halliburton and ESIS (Halliburton) appealed the same judgment. For the reasons that follow, we affirm.

## FACTS

Mr. Smith was injured in a motor vehicle accident on Interstate 49 in Natchitoches Parish on May 28, 2008. There is no dispute that at the time of the collision Mr. Smith was in the course and scope of his employment with Halliburton. He sued the alleged tortfeasors in the Tenth Judicial District Court in Natchitoches Parish. Halliburton intervened in Mr. Smith's suit to recover the workers' compensation benefits paid to and on behalf of Mr. Smith.

The parties agreed to a mediation, which was held on November 19, 2012. As a result of the mediator's efforts, Mr. Smith's claim and Halliburton's intervention were resolved by a payment to them by the tortfeasors' insurer of $265,000.00. The agreement was reduced to writing at the time in a document entitled "Mediation Settlement Agreement." That document provided, in handwriting:

> Def & Intervenor to pay ½ mediation costs. Intervenor to receive 35K of the 265K & leave medical open. Def to pay plaintiff's clerk fees up to $700. Interv. to pay their own court costs. Intervenor releases def from all claims.

The agreement also contained the codicil that it constituted a binding settlement agreement enforceable under Louisiana law.

A proposed final settlement document was circulated by the defendants' counsel, but Halliburton would not approve it because it made no provision for it receiving a credit against future compensation benefits for the settlement amount Mr. Smith received. This disagreement culminated in the filing of cross-motions to enforce the mediation agreement. The trial court heard argument on the matter and admitted extrinsic evidence into the record over Halliburton's objection. The trial court ruled that based solely upon the four corners of the mediation agreement, "the parties agreed to leave the issue of future medical expenses to be resolved as a future . . . at a future date. It's plain on its face. And no other interpretation is required by the court. So, Plaintiff's Motion is granted to that extent."

The trial court signed a judgment that provided, in pertinent part:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the November 19, 2012 Mediation Agreement in which the parties agreed to "leave medical open" is plain on its face and no other interpretation is required by the Court. As such, Plaintiff's Motion is GRANTED to that extent. The Cross Motion of the Intervenor, Halliburton, is DENIED.

Halliburton appealed that judgment. It asserts that the trial court ruled that the words "leave medical open" constituted an implicit waiver of its right to claim a credit against future medical expenses.

## ANALYSIS

Louisiana law provides that the receipt of workers' compensation benefits does not affect the rights of an employee or his dependents from asserting claims against third-party tortfeasors. La.R.S. 23:1101. The employer is likewise authorized to pursue recovery from tortfeasors who cause injury to its employee by

filing suit. *Id*. Whether the employee or his employer has filed suit, the other is entitled to written notice and the opportunity to intervene in the other's suit. La.R.S. 23:1102. If suit is filed and damages are awarded, the employer's claim for the amounts paid in workers' compensation take precedence to that of the employee. La.R.S. 23:1103. Should a dispute arise between the employer and the employee regarding the calculation of the employer's credit after a third-party suit has been filed it must be heard by the district court. La.R.S. 23:1103(A)(3).

When a matter settles, the employee must obtain the permission of the employer. La.R.S. 23:1103. Further, the employer is entitled to a dollar-for-dollar credit against any further benefits up to the amount for which the employee settled. *Id.*

Louisiana law encourages and supports the use of mediation to promote settlement of legal disputes. La.R.S. 9:4101. When mediation results in an agreement to settle and the parties execute a written agreement to that effect, "the agreement is enforceable as any other transaction or compromise." La.R.S. 9:4111. "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La.Civ.Code art. 3071.

> When the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to the contract's provisions, or the parties' intent cannot be ascertained from the language employed, parol evidence is admissible to clarify the ambiguity and to show the intention of the parties. La.Civ.Code art. 1848; *McCarroll v. McCarroll,* 96-2700 (La.10/21/97), 701 So.2d 1280. Whether or not the terms of a contract are ambiguous is a question of law, and appellate review of questions of law is simply to determine whether the trial court's interpretive decision is legally correct. *Morin v. Foret,* 98-0120 (La.App. 3 Cir. 4/14/99), 736 So.2d 279, *writ denied,* 99-2022 (La.10/29/99), 748 So.2d 1165.

*Brafa v. Christ*, 05-0270, p. 5 (La. App. 3 Cir. 11/2/05), 915 So.2d 957, 961. Our first inquiry, then, is to determine whether, as a matter of law, the trial court correctly determined that there was no ambiguity in the mediation agreement.

The interpretation of a contract is simply the determination of the parties' common intent. La.Civ.Code art. 2045. When the terms of a written contract are susceptible of more than one reasonable interpretation, the contract is ambiguous. *McCarroll v. McCarroll*, 96-2700 (La. 10/21/97), 701 So.2d 1280. "A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective." La.Civ.Code art. 2049.

We conclude that the trial court did not err as a matter of law in determining that the mediation agreement was not ambiguous. Halliburton argues that the language was intended to signal that Mr. Smith would be free to pursue his medical benefits after he exhausted the credit. But as Mr. Smith points out, the credit against future compensation would have been granted to Halliburton by operation of law if the contract were silent on the subject. This language would be rendered superfluous under Halliburton's interpretation. The interpretation that renders the inserted language superfluous is not a reasonable interpretation.

Similarly, we find no legal error in the trial court's interpretation. The only interpretation that makes sense is that advanced by Mr. Smith.

The judgment of the trial court granting the motion to enforce the mediation agreement is affirmed. All costs of this appeal are taxed to intervenors, Halliburton Energy Services, Inc., and ESIS, Inc.

**AFFIRMED.**

4